Joseph E. Clark (JC8700)
Sydney L. Juliano (SJ6928)
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Consolidated Bus Transit, Inc.; JSJ Service Inc.; and CBT Para Transit, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Local 854 Pension Fund and the Board of Trustees of the Local 854 Pension Fund, <br><br> Defendants. | Case No. 1:22-cv-3493-RA <br><br> **DEFENDANTS'** <br> **ANSWER TO COMPLAINT** |

Defendants Local 854 Pension Fund (the "Fund") and the Board of Trustees of the Local 854 Pension Fund (the "Trustees") (collectively, "Defendants") respond to Plaintiffs' Complaint as follows:

**Paragraph 1:**    This dispute arises from a change in the collective bargaining representatives and pension funds of unionized bus drivers, escorts and mechanics who are employed by the Plaintiffs.

**Answer to Paragraph 1:**    Defendants deny the allegations contained in Paragraph 1 of the Complaint, except admit, on information and belief, that Plaintiffs' employees elected to change their collective bargaining representation.

**Paragraph 2:**    Because the Plaintiffs' union-represented workers obtain their pension benefits through multiemployer pension funds, which are established and maintained by

at least one union and more than one contracting employer, when workers change unions, they may cease to be eligible to accrue benefits under their current multiemployer pension plan and may become eligible to accrue benefits under a different multiemployer pension plan.

       **Answer to Paragraph 2:**    Defendants deny the allegations contained in Paragraph 2 of the Complaint, except admit, on information and belief, that Plaintiffs' union-represented workers participated in the Fund, which is established and maintained by a union and contributing employers; and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint

       **Paragraph 3:**    As a result of elections certified by the National Labor Relations Board ("NLRB") which designated a new union, the Employers ceased to have an obligation to contribute to the Defendant, Local 854 Pension Fund ("Former Fund").

       **Answer to Paragraph 3:**    Defendants deny the allegations contained in Paragraph 3 of the Complaint, except admit, on information and belief, that Plaintiffs' employees elected to change collective bargaining representation, and admit that Plaintiffs ceased to have an obligation to contribute to the Fund.

       **Paragraph 4:**    Where a contributing employer ceases to have an obligation to contribute to a multiemployer pension plan, the Employee Retirement Income Security Act of 1974 ("ERISA") requires the plan to assess withdrawal liability for the employer's proportionate share of the plan's unfunded vested liabilities, as determined under ERISA's statutory formula.

**Answer to Paragraph 4:**    Defendants decline to plead insofar as the allegations contained in Paragraph 4 of the Complaint state legal conclusions as to which no responsive pleading is required.

**Paragraph 5:**    For purposes of ERISA's withdrawal liability rules, companies under common control are treated as a single employer.  The Employers are part under common control for purposes of ERISA.

**Answer to Paragraph 5:**    Defendants decline to plead insofar as the allegations contained in Paragraph 5 of the Complaint state legal conclusions as to which no responsive pleading is required.

**Paragraph 6:**    In conjunction with the Employers ceasing to have an obligation to contribute to the Former Fund, the Former Fund assessed the Employers with withdrawal liability in the amount of $2,035,901, inclusive of interest.

**Answer to Paragraph 6:**    Defendants admit the allegations contained in Paragraph 6 of the Complaint.

**Paragraph 7:**    Additionally, as a result of these elections, Plaintiffs' union-represented active employees ceased to accrue additional benefits under the Former Fund and began to accrue benefits under a new multiemployer pension plan, the Amalgamated Transit Workers Local 854 Pension Fund ("New Fund"), in accordance with the collective bargaining agreements negotiated between the Amalgamated Transit Workers Local 854 (the "New Union") and the Employers.

**Answer to Paragraph 7:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, except admit, on information and belief, that the referenced employees

ceased accruing benefits from the Fund after the certification of the elections referenced in Paragraph 7.

**Paragraph 8:**    In this circumstance, ERISA requires the Former Fund to transfer certain assets and liabilities to the New Fund and to reduce the amount of withdrawal liability, if any, that is due to the Former Fund.

**Answer to Paragraph 8:**    Defendants decline to plead insofar as the allegations contained in Paragraph 8 of the Complaint state legal conclusions as to which no responsive pleading is required.

**Paragraph 9:**    The Employers file this action to compel Defendants to comply with the requirements for transferring the assets and liabilities of the Former Fund to the New Fund and to recalculate the Employers' withdrawal liability due to the Former Fund, if any, to account for such transfer and thereby reduce the withdrawal liability assessment and eliminate the interim withdrawal liability payments that the Employers are otherwise required to make to the Former Fund.

**Answer to Paragraph 9:**    Defendants deny the allegations contained in Paragraph 9 of the Complaint, except admit that Plaintiffs filed this action against Defendants and purportedly seek the relief identified in Paragraph 9.

**Paragraph 10:**    This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1451, 29 U.S.C. § 1132(e)(1), (f), and 28 U.S.C. §§ 1331, 1367.

**Answer to Paragraph 10:**    Defendants deny the allegations contained in Paragraph 10 of the Complaint, except admit that Plaintiffs purport to invoke the Court's jurisdiction pursuant to ERISA Sections 502(e)(1) and 4301 (29 U.S.C. §§ 1332(e)(1), 1451) and 28 U.S.C. §§ 1331, 1367, and decline to plead insofar as the allegations in

Paragraph 10 of the Complaint state legal conclusions as to which no responsive pleading is required.

**Paragraph 11:**    Venue is proper in this district because the Defendants operate and administer, reside, and are doing business in this district; a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district; and a substantial part of the property that is a subject of this section is located in this district. 29 U.S.C. § 1451(d); 29 U.S.C. § 1132(e)(2) and 28 U.S.C. §1391(b)(c).

**Answer to Paragraph 11:**    Defendants deny the allegations contained in Paragraph 11 of the Complaint, except admit that Plaintiffs purport to invoke the venue of this Court, and decline to plead insofar as the allegations in Paragraph 11 of the Complaint state legal conclusions as to which no responsive pleading is required.

**Paragraph 12:**    At all times relevant herein, Plaintiff CBT was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York, and is doing business as an employer within the meaning of 29 U.S.C. § 1002(5).

**Answer to Paragraph 12:**    Defendants admit, on information and belief, the allegations contained in Paragraph 12 of the Complaint.

**Paragraph 13:**    At all times relevant herein, Plaintiff JSJ was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York, and is doing business as an employer within the meaning of 29 U.S.C. § 1002(5).

**Answer to Paragraph 13:**    Defendants admit, on information and belief, the allegations contained in Paragraph 13 of the Complaint.

**Paragraph 14:**    At all times relevant herein, Plaintiff CBT Para was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York, and is doing business as an employer within the meaning of 29 U.S.C. § 1002(5).

**Answer to Paragraph 14:**    Defendants admit, on information and belief, the allegations contained in Paragraph 14 of the Complaint.

**Paragraph 15:**    Defendant, the Board of Trustees of the Former Fund (the "Trustees"), is a fiduciary of the Former Fund.

**Answer to Paragraph 15:**    Defendants deny the allegations contained in Paragraph 15 of the Complaint, except admit that the individual Trustees comprising the Board of Trustees are fiduciaries to the Fund.

**Paragraph 16:**    The Trustees are charged with the duty to operate and administer the Former Fund in accordance with all applicable laws, as well as the fund plans and its Declaration of Trust.

**Answer to Paragraph 16:**    Defendants decline to plead insofar as the allegations in Paragraph 16 of the Complaint state legal conclusions as to which no responsive pleading is required.

**Paragraph 17:**    Upon information and belief, the Former Fund is an employee benefit plan within the meaning of 29 U.S.C. § 1002(3).

**Answer to Paragraph 17:**    Defendants admit the allegation contained in Paragraph 17 of the Complaint.

**Paragraph 18:**    Upon information and belief, the Former Fund is a multiemployer fund within the meaning of 29 U.S.C. § 1002(37) and 29 U.S.C. § 1301(a)(3).

**Answer to Paragraph 18:**    Defendants admit the allegation contained in Paragraph 18 of the Complaint.

**Paragraph 19:**    Upon information and belief, the Former Fund was established pursuant to the terms of various collective bargaining agreements, including collective bargaining agreements between the International Brotherhood of Teamsters Local 553 (the "Former Union"), which is a labor organization representing employees in an industry affecting commerce, and various employer associations and/or employers, including Plaintiffs.

**Answer to Paragraph 19:**    Defendants deny the allegations contained in Paragraph 19 of the Complaint.

**Paragraph 20:**    Upon information and belief, the principal business of the Former Fund is to collect employer contributions, provide pension credits to participants for covered work, and provide pension benefits to employees and their dependents and beneficiaries.

**Answer to Paragraph 20:**    Defendants admit the allegations contained in Paragraph 20 of the Complaint.

**Paragraph 21:**    Upon information and belief, five of the six trustees of the Former Fund have offices in this district.

**Answer to Paragraph 21:**    Defendants deny the allegations contained in Paragraph 21 of the Complaint, except admit that three of the Trustees are employed by a non-party labor organization that has a place of business in Manhattan, and two of the

Trustees are employed by non-party businesses that have offices located in the Bronx and in Westchester.

**Paragraph 22:**    Upon information and belief, the New Union is a labor union representing employees in an industry affecting commerce.  The New Union has been certified by the NLRB as the collective bargaining representative for a bargaining unit comprised of school bus drivers, escorts and mechanics employed by Plaintiffs as well as employees employed by other employers.

**Answer to Paragraph 22:**    Defendants admit, on information and belief, the allegations contained in Paragraph 22 of the Complaint.

**Paragraph 23:**    Upon information and belief, the New Fund is an employee benefit plan within the meaning of 29 U.S.C. § 1002(3).

**Answer to Paragraph 23:**    Defendants admit, on information and belief, the allegation contained in Paragraph 23 of the Complaint.

**Paragraph 24:**    Upon information and belief, the New Fund is a multiemployer plan within the meaning of 29 U.S.C. § 1002(37) and 29 U.S.C. § 1301(a)(3).

**Answer to Paragraph 24:**    Defendants admit, on information and belief, the allegation contained in Paragraph 24 of the Complaint.

**Paragraph 25:**    The New Fund is fully operational. Upon information and belief, it has appointed trustees, adopting a formal plan document, approved a summary plan description, obtained an EIN from the Internal Revenue Service, employed staff, retained professionals such as accountants, actuaries and legal counsel, opened bank accounts, and received employer contributions pursuant to collective bargaining agreements by and between such employers and the New Union.

**Answer to Paragraph 25:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

**Paragraph 26:**    Prior to the date employees employed by the Employer elected the New Union as their bargaining representative, the Employers were bound by one or more collective bargaining agreements (collectively, "CBA") with the Former Union.

**Answer to Paragraph 26:**    Defendants admit, on information and belief, the allegations contained in Paragraph 26 of the Complaint.

**Paragraph 27:**    The CBA with the Former Union required the Employers to contribute to the Former Fund in amounts based on the wages paid to employees who performed work that was covered by the CBA (the "Bargaining Unit").

**Answer to Paragraph 27:**    Defendants admit, on information and belief, the allegations contained in Paragraph 27 of the Complaint.

**Paragraph 28:**    The Bargaining Unit employees are primarily school bus drivers, escorts and mechanics.

**Answer to Paragraph 28:**    Defendants admit, on information and belief, the allegations contained in Paragraph 28 of the Complaint.

**Paragraph 29:**    On or about April 9, 2020, Region 2 of the NLRB certified the results of an election in which the Bargaining Unit employees of CBT Para voted to change their collective bargaining representative from the Former Union to the New Union.

**Answer to Paragraph 29:**    Defendants admit, on information and belief, the allegations contained in Paragraph 29 of the Complaint.

**Paragraph 30:**    On or about June 28, 2021, employees of both CBT and JSJ held elections, thereafter certified by the NLRB, through which the Former Union was decertified and the New Union was certified as the employer exclusive bargaining representative.

**Answer to Paragraph 30:**    Defendants admit, on information and belief, the allegations contained in Paragraph 30 of the Complaint.  Defendants further respond that, on information and belief, the referenced election was certified on July 27, 2021.

**Paragraph 31:**    On or about July 1, 2020, CBT Para entered into a collective bargaining agreement with the New Union requiring CBT Para to make contributions on behalf of its New Union represented employees to the New Fund.

**Answer to Paragraph 31:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

**Paragraph 32:**    On or about December 17, 2021, CBT and JSJ entered into a collective bargaining agreement with the New Union requiring CBT and JSJ to make contributions on behalf of their New Union represented employees to the New Fund.

**Answer to Paragraph 32:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

**Paragraph 33:**    By Notice and Demand for Payment of Withdrawal Liability, dated September 9, 2021 (the "Notice"), the Former Fund notified each Employer that it ceased

to have an obligation to contribute to the Former Fund and, as a result, they "have effected a complete withdrawal" from the Former Fund.

**Answer to Paragraph 33:**    Defendants admit the allegations contained in Paragraph 33 of the Complaint.

**Paragraph 34:**    The Notice advised the Employers that they purportedly collectively owed the Former Fund the sum of $2,035,901, inclusive of interest, which is payable in ten quarterly installments of $187,594 starting October 1, 2021, and a final installment of $159,961.

**Answer to Paragraph 34:**    Defendants admit the allegations contained in Paragraph 34 of the Complaint.

**Paragraph 35:**    To date, the Employers have duly made each quarterly installment payment required pursuant to the Notice.

**Answer to Paragraph 35:**    Defendants admit the allegations contained in Paragraph 35 of the Complaint.

**Paragraph 36:**    By letter dated December 8, 2021, counsel for the Employers transmitted to the Trustees of the Former Fund a Request for Review of its withdrawal liability assessment and asserted that such assessment overstated the withdrawal liability owed by the Employers and was otherwise inappropriate (the "Request for Review").

**Answer to Paragraph 36:**    Defendants admit that counsel for the Employers transmitted to the Trustees the Request for Review, which speaks for itself and is the best evidence of its own content.

**Paragraph 37:**    Each Employer is contractually obligated to make, and is making, contributions to the New Fund under the terms of a collective bargaining agreement executed by such Employers and the New Union.

**Answer to Paragraph 37:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

**Paragraph 38:**    The Request for Review also requested that the Former Fund "transfer benefits, assets and liabilities" to the New Fund and reduce the withdrawal liability assessment accordingly.  The Former Fund was advised that it was obligated to do so pursuant to 29 U.S.C. § 1415.

**Answer to Paragraph 38:**    Defendants deny the allegations contained in Paragraph 38 of the Complaint, except admit that the document referenced in Paragraph 38 of the Complaint speaks for itself and is the best evidence of its own content.

**Paragraph 39:**    Defendants have failed to initiate transfer to the New Fund of such benefits, assets, and liabilities.

**Answer to Paragraph 39:**    Defendants admit that the Fund has not initiated the transfer referred to in Paragraph 39.  Defendants further respond that the Fund lacks the information necessary to calculate the amount of assets and liabilities to be

transferred to the New Fund because the Employers have failed to provide this information in response to the Fund's requests.

**Paragraph 40:**    Defendants have failed to notify each Employer of (i) the revised amount of withdrawal liability after this transfer is initiated, (ii) the Former Fund's intent to transfer to the New Fund the non-forfeitable benefits of the employees who are no longer working in covered service under the old plan as a result of the change of bargaining representative, and (iii) the amounts of assets and liabilities which are to be transferred to the New Fund.

**Answer to Paragraph 40:**    Defendants admit that the Fund has not provided the information identified in Paragraph 40.  Defendants further respond that the Fund lacks the information necessary to calculate the amount of assets and liabilities to be transferred to the New Fund because the Employers have failed to provide this information in response to the Fund's requests.

**Paragraph 41:**    Defendants have also failed to notify the board of trustees of the New Fund of the benefits, assets, and liabilities which are required to be transferred to the New Fund.

**Answer to Paragraph 41:**    Defendants admit that the Fund has not provided the information identified in Paragraph 41.  Defendants further respond that the Fund lacks the information necessary to calculate the amount of assets and liabilities to be transferred to the New Fund because the Employers have failed to provide this information in response to the Fund's requests.

**Paragraph 42:**    Defendants' failure to initiate a transfer of benefits, assets and liabilities to the New Fund deprived the Employers of the benefit of the reduction to or the

elimination of withdrawal liability which would result from the required transfer of benefits, assets and liabilities to the New Fund.

**Answer to Paragraph 42:**    Defendants deny the allegations contained in Paragraph 42 of the Complaint, except admit that they have not reduced the Employers' withdrawal liability.  Defendants further respond that the Fund lacks the information necessary to calculate the amount of assets and liabilities to be transferred to the New Fund—and thus the reduction, if any, to the Employers' withdrawal liability—because the Employers have failed to provide this information in response to the Fund's requests.

**Paragraph 43:**    Such failure has caused unnecessary expenses to the Employers and the employee participants.

**Answer to Paragraph 43:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

**Paragraph 44:**    In connection with the transfer of pension assets and liabilities of the affected employee plan participants to a new plan, the old plan must reduce the employer's withdrawal liability assessment under 29 U.S.C. § 1391(e) in the amount equal to the value, as of the end of the last plan year ending on or before the date of withdrawal, of the unfunded vested pension benefits that the old plan estimates it will transfer to the new plan, and must recalculate each employer's interim withdrawal liability payment schedule based on such assessment.

**Answer to Paragraph 44:**     Defendants decline to plead insofar as the allegations in Paragraph 44 of the Complaint state legal conclusions as to which no responsive pleading is required.

**Paragraph 45:**     Defendants have failed to transfer the pension assets and liabilities of the Employers' New Union represented employees to the New Fund.

**Answer to Paragraph 45:**     Defendants admit that the Fund has not initiated the transfer referred to in Paragraph 45.  Defendants further respond that the Fund lacks the information necessary to calculate the amount of assets and liabilities to be transferred to the New Fund because the Employers have failed to provide this information in response to the Fund's requests.

**Paragraph 46:**     Defendants have failed to reduce the Employers' withdrawal liability assessment by the amount of unfunded vested benefits that the Former Fund estimates will be transferred from the Former Fund to the New Fund.

**Answer to Paragraph 46:**     Defendants admit that they have not reduced the Employers' withdrawal liability.  Defendants further respond that the Fund lacks the information necessary to calculate the amount of assets and liabilities to be transferred to the New Fund—and thus the reduction, if any, to the Employers' withdrawal liability—because the Employers have failed to provide this information in response to the Fund's requests.

**Paragraph 47:**     Defendants have failed to reissue each Employer's interim withdrawal liability payment schedule based on the required assessment.

**Answer to Paragraph 47:**     Defendants admit that they have not issued a revised withdrawal liability payment schedule to the Employers.  Defendants further

respond that the Fund lacks the information necessary to calculate the amount of assets

and liabilities to be transferred to the New Fund—and thus the reduction, if any, to the

Employers' withdrawal liability, and corresponding adjustment to each Employer's

interim withdrawal liability payment schedule—because the Employers have failed to

provide this information in response to the Fund's requests.

**Paragraph 48:**    The Employers repeat and reallege each and every allegation

above as if fully set forth herein.

**Answer to Paragraph 48:**    Defendants deny the allegations in Paragraph 48 of

the Complaint, except admit that Plaintiffs purport to repeat and re-allege Paragraphs 1

through 47 of the Complaint, and Defendants repeat and restate its answers to

Paragraphs 1 through 47 of the Complaint.

**Paragraph 49:**    The Former Fund is a multiemployer pension plan.

**Answer to Paragraph 49:**    Defendants admit the allegation contained in

Paragraph 49 of the Complaint.

**Paragraph 50:**    Each Employer has completely withdrawn from the Former

Fund as a result of a certified change in collective bargaining representative by their respective

employees (the "Certified Elections").

**Answer to Paragraph 50:**    Defendants deny the allegations contained in

Paragraph 50 of the Complaint, except admit that each Employer completely withdrew

from the Fund.

**Paragraph 51:**    By letter dated September 9, 2021, Defendants acknowledged

the Employers' complete withdrawal from the Former Fund within the purview of ERISA.

**Answer to Paragraph 51:**    Defendants admit the allegations contained in Paragraph 51 of the Complaint.

**Paragraph 52:**    As a result of the Certified Elections, employees of CBT and JSJ who previously participated in the Former Fund are now participating in the New Plan.

**Answer to Paragraph 52:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

**Paragraph 53:**    The New Fund is a multiemployer pension plan.

**Answer to Paragraph 53:**    Defendants admit, on information and belief, the allegation contained in Paragraph 53 of the Complaint.

**Paragraph 54:**    As a result of the foregoing, Defendants are required to initiate transfer of pension assets and liabilities to the New Fund for each Employer pursuant to 29 U.S.C. § 1415.

**Answer to Paragraph 54:**    Defendants decline to plead insofar as the allegations in Paragraph 54 of the Complaint state legal conclusions as to which no responsive pleading is required.

**Paragraph 55:**    The Employers repeat and reallege each and every allegation above as if fully set forth herein.

**Answer to Paragraph 55:**    Defendants deny the allegations in Paragraph 55 of the Complaint, except admit that Plaintiffs purport to repeat and re-allege Paragraphs 1

through 54 of the Complaint, and Defendants repeat and restate its answers to

Paragraphs 1 through 54 of the Complaint.

**Paragraph 56:**    Defendants are required to transfer pension assets and

liabilities with respect to the Employers' active employees represented by the New Union to the

New Fund.

**Answer to Paragraph 56:**    Defendants decline to plead insofar as the

allegations in Paragraph 56 of the Complaint state legal conclusions as to which no

responsive pleading is required.

**Paragraph 57:**    This transfer of pension assets and liabilities is required

because the Employers have experienced a complete withdrawal from the Former Fund, this

withdrawal is the result of a NLRB certified change of Employers' employees' collective

bargaining representative, and the Employers' active employees previously accruing benefits

under the Former Fund are now accruing benefits under the New Fund.

**Answer to Paragraph 57:**    Defendants deny the allegations contained in

Paragraph 57 of the Complaint, except admit that the Employers completely withdrew

from the Fund; and are without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in Paragraph 57 of the Complaint.

**Paragraph 58:**    Defendants are required to reduce each Employer's withdrawal

liability obligation by an amount equal to the unfunded vested benefits the Former Fund transfers

to the New Fund.

**Answer to Paragraph 58:**    Defendants decline to plead insofar as the allegations in Paragraph 58 of the Complaint state legal conclusions as to which no responsive pleading is required.

**Paragraph 59:**    In the interim, Defendants are required to estimate the amount of reduction in each Employer's withdrawal liability required under 29 U.S.C. § 1391(e), as directed in *T.I.M.E.-DC, Inc. v. Mgmt-Labor Welfare & Pension Funds of Local 1730 etc.*, 756 F.2d 939, 946 (2d Cir. 1985).

**Answer to Paragraph 59:**    Defendants deny the allegations contained in Paragraph 59 of the Complaint, except decline to plead insofar as the allegations in Paragraph 59 of the Complaint state legal conclusions as to which no responsive pleading is required.

**Paragraph 60:**    Defendants are required to reassess each Employer's withdrawal liability interim payment schedule using the withdrawal liability assessment estimated under 29 U.S.C. § 1391(e).

**Answer to Paragraph 60:**    Defendants decline to plead insofar as the allegations in Paragraph 60 of the Complaint state legal conclusions as to which no responsive pleading is required.

**Paragraph 61:**    CBT repeats and realleges each and every allegation above as if fully set forth herein.

**Answer to Paragraph 61:**    Defendants deny the allegations in Paragraph 61 of the Complaint, except admit that Plaintiffs purport to repeat and re-allege Paragraphs 1

through 60 of the Complaint, and Defendants repeat and restate its answers to

Paragraphs 1 through 60 of the Complaint.

**Paragraph 62:**    After it ceased to have a collective bargaining obligation to do

so, CBT inadvertently and erroneously delivered pension contributions to the Former Fund in the

aggregate amount of $91,051.40.

**Answer to Paragraph 62:**    Defendants deny the allegations contained in

Paragraph 62 of the Complaint, except admit that CBT made certain contributions to the

Fund after it ceased to have an obligation to do so.

**Paragraph 63:**    Demand was made for the return of the inadvertently and

erroneously delivered pension contributions to the Former Fund, to no avail.

**Answer to Paragraph 63:**    Defendants deny the allegations contained in

Paragraph 63 of the Complaint, except admit that CBT requested the return of certain

pension contributions.  Defendants further respond that the Fund is in the process of

responding to CBT's request and has not yet agreed to nor denied CBT's request.

**Paragraph 64:**    It would contravene equity and good conscience for the Former

Fund to retain such mistaken payments made by CBT.

**Answer to Paragraph 64:**    Defendants deny the allegations contained in

Paragraph 64 of the Complaint.

**Paragraph 65:**    By reason of the foregoing, CBT is entitled to a judgment

against Defendants in the amount of $91,051.40, with interest accrued and accruing thereon.

**Answer to Paragraph 65:**    Defendants deny the allegations contained in

Paragraph 65 of the Complaint.

**Paragraph 66:**    JSJ repeats and realleges each and every allegation above as if

fully set forth herein.

**Answer to Paragraph 66:**    Defendants deny the allegations in Paragraph 66 of the Complaint, except admit that Plaintiffs purport to repeat and re-allege Paragraphs 1 through 65 of the Complaint, and Defendants repeat and restate its answers to Paragraphs 1 through 65 of the Complaint.

**Paragraph 67:**    After it ceased to have a collective bargaining obligation to do so, JSJ inadvertently and erroneously delivered pension contributions to the Former Fund in the aggregate amount of $32,069.72.

**Answer to Paragraph 67:**    Defendants deny the allegations contained in Paragraph 67 of the Complaint, except admit that JSJ made certain contributions to the Fund after it ceased to have an obligation to do so.

**Paragraph 68:**    Demand was made for the return of the inadvertently and erroneously delivered pension contributions to the Former Fund, to no avail.

**Answer to Paragraph 68:**    Defendants deny the allegations contained in Paragraph 68 of the Complaint, except admit that JSJ requested the return of the pension contributions.  Defendants further respond that the Fund is in the process of responding to JSJ's request and has not yet agreed to nor denied JSJ's request.

**Paragraph 69:**    It would contravene equity and good conscience for the Former Fund to retain such mistaken payments.

**Answer to Paragraph 69:**    Defendants deny the allegations contained in Paragraph 69 of the Complaint.

**Paragraph 70:**    By reason of the foregoing, JSJ is entitled to a judgment against Defendants in the amount of $32,069.72 with interest accrued and accruing thereon.

**Answer to Paragraph 70:**    Defendants deny the allegations contained in Paragraph 70 of the Complaint.

**Unnumbered Paragraph:**  WHEREFORE, Plaintiffs Consolidated Bus Transit, Inc., JSJ Service, Inc., and CBT Paratransit demand the following relief against Defendants:

A.    An order and judgment directing the Defendants to initiate pension transfer for each Plaintiff to the New Fund in full compliance with 29 U.S.C. § 1415;

B.    An order and judgment directing the Defendants to estimate the withdrawal liability that will be assessed against each Plaintiff upon the completion of pension transfer, to reissue for each Plaintiff an interim withdrawal liability payment schedule based on the estimated withdrawal liability; and to reduce each Plaintiff's withdrawal liability consistent with the required transfer of pension benefits by the Former Fund to the New Fund;

C.    An order and judgment requiring Defendants to reimburse the Plaintiffs for any and all withdrawal liability payments made to the Former Fund in response to its assessment that are in excess of the amount required by law, with interest accrued and accruing thereon;

D.    A judgment in favor of Consolidated Bus Transit, Inc. against the Defendants in the principal sum of $91,051.40, with interest accrued and accruing thereon, or, in the alternative, treating such amount as a prepayment of such Plaintiff's withdrawal liability;

E.    A judgment in favor of JSJ Service Corp. and against the Defendants in the principal sum of $32,069.72, with interest accrued and accruing thereon, or, in the alternative, treating such amount as a prepayment of such Plaintiff's withdrawal liability;

F.    An award of attorneys' fees and costs incurred by each Employer; and

G.    Such other and further relief as the Court deems just and proper, together with the costs and disbursements of this action.

**Answer to Unnumbered Paragraph:**  In response to the unnumbered paragraph following Paragraph 70, and beginning "WHEREFORE," Defendants deny that Plaintiffs are entitled to the requested relief.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they fail to state a claim against Defendants upon which relief can be granted by this Court.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are not ripe.

### THIRD AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any additional defenses as established by the facts of this case.  Defendants will rely upon each and every defense that may become known during the course of this litigation, including discovery, trial, or otherwise.

Dated:  June 28, 2022                           Respectfully submitted,

 */s/ Joseph E. Clark*
Joseph E. Clark
Sydney L. Juliano
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY  10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
jclark@proskauer.com
sjuliano@proskauer.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on June 28, 2022, I caused a true and correct copy of the foregoing Defendants' Answer to Complaint to be served on all counsel of record via the Court's electronic filing system (CM/ECF).

*/s/ Joseph E. Clark*
Joseph E. Clark
*Counsel for Defendants*